JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CSBN 195046)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7144
   Fax: (415) 436-7234
   Email: allison.danner@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAMIEN SEXTON, ) <br> ) <br> Defendant. ) <br> _____ ) | No.: CR 07-0742 EDL <br><br> OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY <br><br> Date: April 1, 2008 <br> Time: 10:30 a.m. <br> The Honorable Elizabeth D. Laporte |

    The United States hereby files its response to the motion of Damien Sexton, who seeks further discovery in the case. In his motion, defendant seeks three types of information: 1) an assurance that the government has fulfilled its discovery obligations under Fed. R. Crim. P. 16(a)(1)(E); 2) the addresses and telephone numbers of witnesses who appear in reports prepared by the government; and 3) a passenger manifest for the airline flight. As the government has fulfilled its statutory and constitutional discovery obligations relating to all three classes of information, the government respectfully asks this Court to deny defendant's motion.

USA'S ANSWER TO DISCOVERY MOTION
CR 07-0742 EDL

## ARGUMENT

### 1. The Government Has Exceeded the Requirements of Rule 16(a)(1)(E)

"Rule 16(a)(1)(E) sets out the types of information that the government must disclose to defendants during discovery." *United States v. Fort,* 472 F.3d 1106, 1110 (9th Cir. 2007). This provision requires the government to provide to the defendant books, papers, documents, data, photographs, tangible objects, or buildings or places, if the item is "within the government's possession, custody, or control" and if it is either material to preparing the defense or if the government intends to use the item in its case-in-chief or if the item was obtained from or belonged to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

The government in this case has maintained an open file policy and has provided defendant with all documents received in the course of the investigation and all reports generated in the course of its investigation, including the investigative reports. This liberal discovery policy fulfills the dictates of Rule 16 and–indeed–goes well beyond it. Rule 16 explicitly exempts the discovery of "reports, memoranda, or other internal government documents made by an attorney to the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). This exemption encompasses FBI reports ("302s") and state police reports that are in the possession of the government. *Fort,* 472 F.3d at 1107, 1119. Nevertheless, the government in this case has waived these rights and provided defendant with all FBI 302s and police reports prepared in the course of this investigation. The government has thus complied with the Rule 16 requirements. Further, the government recognizes the continuing nature of this obligation.

### 2. The Government Has Fulfilled its Obligations Under *Brady*

Defendant also argues that the government should disclose, under the rule announced in *Brady v. Maryland,* 373 U.S. 83 (1963), 1) witness contact information and 2) the airline passenger manifest list.

Contrary to defendant's contention, the government has not suppressed the identity of any individual it has interviewed in this investigation. Indeed, the government has already provided to the defendant the names of all of the individuals it has interviewed (with the addresses and

phone numbers of those witnesses redacted), which we believe fulfills our obligation under *Brady*. Defendant's own motion cites many of these witnesses by name. The government is not required to provide to the defendant the addresses and phone numbers of all of the individuals whom it has interviewed. *United States v. Roach,* 29 F.3d 729, 734 (8th Cir. 1994). In cases which involve physical harm inflicted by the defendant, percipient witnesses may be especially afraid of having their personal contact information provided to a defendant.

The government nevertheless recognizes defendant's desire to conduct further investigation into his possible defenses. To that end, both parties have agreed to the proposed protective order, which this Court signed on March 17, 2008. Today, the government sent defense counsel by overnight mail the information that is the subject of the protective order. The defendant has represented that, upon this Court's signing of the order, he will withdraw his motion for witness contact information. To the extent that defendant does not withdraw his motion, the government hereby requests the opportunity to file a surreply.

With regard to the airline passenger manifest list, neither the investigating agency nor the U.S. Attorney's Office has this document in its possession. In addition, the investigating agent has also contacted the Transportation Security Administration (TSA), and he has been informed that TSA does not have this document in its possession. Both Rule 16(a)(1)(E) and *Brady* apply only to information that is in the government's actual possession. *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995) (holding that, under *Brady*, "the government has no obligation to produce information which it does not possess"); *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987) (holding *Brady*'s obligations limited to documents over which the federal government has actual control even if the federal government is aware of the existence of other relevant documents); *United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985) (noting "the triggering requirement under Rule 16(a)(1)(E) is that the papers, documents, and tangible objects be in the actual possession, custody or control of the government"). There is no requirement under Rule 16 that the government produce documents of which it is aware but over which it has no actual control. *Gatto,* 763 F.2d at 1048 (noting that Congress specifically declined to extend the language now contained in Rule 16(a)(1)(E) to encompass notions of

constructive possession).

The Supreme Court has highlighted that *Brady* does not provide a generalized right to discovery. *United States v. Bagley,* 473 U.S. 667, 675 n.7 (1985) (stating "an interpretation of *Brady* to create a broad, constitutionally required right of discovery would entirely alter the character and balance of our present systems of justice") (internal citations omitted). Defendant cites no authority for the proposition that the government must procure the passenger manifest on his behalf from the airline. In fact, the case law supports the opposite proposition. Should the defendant wish to obtain a copy of the airline manifest, he is perfectly able to request a subpoena pursuant to Fed. R. Crim. P. 17(c).

Since a subpoena under Rule 17 would constitute a binding court order, defendant's contention that the airline would be more "amenable" to a request for evidence from the government is beside the point. Although the government has willingly provided the defendant with the investigative reports, *Brady,* and Rule 16 material in its files, the government is not obligated to investigate potential defenses the defendant may have where that information lies in the hands of third parties.

## CONCLUSION

Defendant has received from the government all the information that he is entitled to receive under *Brady* and Rule 16–and more. Defendant's desire that the government conduct his investigation as well as its own finds no support in the applicable rules or in the Constitution. The government respectfully requests that this Court deny defendant's motion for further discovery.

DATED: March 18, 2008            Respectfully submitted,


JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Allison Marston Danner
ALLISON MARSTON DANNER
Assistant U.S. Attorney

USA'S ANSWER TO DISCOVERY MOTION
CR 07-0742 EDL                   -4-