WILLIAM L. OSTERHOUDT (SBN 043021)
DOLORES T. OSTERHOUDT (SBN 215537)
Law Offices of William Osterhoudt
135 Belvedere Street
San Francisco, California 94117
Telephone (415) 664-4600
Facsimile (415) 664-4691
Email: osterhoudt@aol.com

JANET METZGER (SBN 153226)
Law Office of Janet Metzger
403 Magee Avenue
Mill Valley, CA 94941
Telephone (415) 260-8467
Facsimile (415) 383-3516
janetmetzger@sbcglobal.net

Attorneys for Defendant,
Damien Sexton

UNITED STATES DICSTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DAMIEN SEXTON,<br><br>Defendant. | **Case No. CR-07-0742 (EDL)**<br><br>DEFENDANT SEXTON'S *EX PARTE* APPLICATION FOR PRETRIAL ISSUANCE OF RULE 17 SUBPOENA DUCES TECUM<br><br>[F.R.Crim.P. Rule 17(c) and Crim L.R. 47-3]<br><br>**Date:** March 25, 2008<br>**Time:** 10:30 a.m.<br>**Dept.:** Judge Elizabeth D. Laporte |

## INTRODUCTION

Defendant Damien Sexton, by and through his counsel, and pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process Clause of the Sixth Amendment and Federal Rule of Criminal Procedure 17(c), hereby makes this application for the issuance of a Rule 17 subpoena *duces tecum* for the documents set forth below which are both necessary and relevant

Defendant Sexton's *Ex Parte* Application for Pretrial Issuance of Rule 17 Subpoena *Duces Tecum*, Cr-07-0742 (EDL).

1

Case 3:07-cr-00742-EDL   Document 20   Filed 03/19/2008   Page 2 of 7

to the preparation of this case. The defendant makes this request *ex parte* because he is in need of the documents and information sought herein as quickly as possible in advance of trial, and the prosecution has already told the defense that they wont supply the items sought, nor believe that they legally as required to do so. Therefore, the following subpoena *duces tecum* is requested:

United Airlines:

    1.    **A flight manifest for United Airlines' Flight No. 189, for the date of March 21, 2007, which flight traveled from Philadelphia to San Francisco;**

    2.    **A seating chart showing the seat assigned to each passenger on the flight manifest; and**

    3.    **Contact information, consisting of the telephone numbers, and physical and/or P.O. Box addresses, and email addresses for each person aboard Flight No. 189, for the date of March 21, 2007.**

This application is based on the instant application, the declaration of William L. Osterhoudt in support, and the legal authority set forth herein.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Damien Sexton is charged in a two count indictment with violating federal law relating to appropriate conduct of a passenger on a commercial aircraft. Count One alleges that on March 21, 2007, while abroad United Airlines Flight 189, traveling from Philadelphia to San Francisco, the defendant assaulted an individual, in violation of 49 U.S.C. Section 46506(1) and 18 U.S.C. Section 113(a)(4). Count Two likewise alleges that the defendant assaulted an individual, by threatening to inflict injury upon such person, in violation of 49 U.S.C. Section 46506(1) and 18 U.S.C. Section 113(a)(5).

The defendant was a passenger aboard this airplane, which traveled from Philadelphia to San Francisco. The first charge apparently emanates from a claim that the defendant stepped on, or otherwise came into contact with the passenger sitting on the aisle seat of his row, while attempting to exit his seat. The defense has not been made specifically aware of the alleged

Defendant Sexton's *Ex Parte* Application for Pretrial Issuance of Rule 17 Subpoena *Duces Tecum*, Cr-07-0742 (EDL).

2

conduct upon which Count Two is based, but assumes this allegation is based on a claim that the defendant, who was inebriated, yelled at either another passenger or a crew member, allegedly putting them in fear, during the course of this flight. It is clear that following the defendant's outburst, he was tackled in the aisle by several passengers, and placed in a seat, with his hands cuffed and his legs duct-taped together, after which time he sat quietly. The aircraft proceeded to its scheduled destination of San Francisco, where it was met by police officers.

The government has given the defense reports (from both the police department and the FBI) of several interviews conducted with passengers and crew members after the flight landed in San Francisco. The interviewees, however, only comprise a small fraction of the passengers and crew aboard the aircraft – and do not even include all of the persons who were seated in the defendant's section of the aircraft. After reviewing the materials provided in discovery counsel for the defendant requested the flight manifest from the prosecution. In response, the Assistant United States Attorney stated that it did not possess this information. Accordingly, on March 11, 2008, defendant sought to obtain an Order from this Court requiring the government to obtain this information from United Airlines and disclose it to the defense. The government filed an Opposition to this request on March 18, 2008. Though the defendant strongly believes that the government is in the best position to obtain this data, which as explained below is both relevant and necessary to the defense, we seek the instant subpoena *duces tecum* in an effort to exhaust every possibility of obtaining the material independently.

## DISCUSSION

The defense is aware that Rule 17(c) subpoenas are not meant to provide a means for discovery. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *United States v. Arditti*, 955 F.2d 331, 345-346 (5th Cir. 1992). However, a pretrial subpoena *duces tecum* for the purpose of

Defendant Sexton's *Ex Parte* Application for Pretrial Issuance of Rule 17 Subpoena *Duces Tecum*, Cr-07-0742 (EDL).

3

reviewing documents in the hands of a witness (or his custodian) may be issued to protect a defendant's right to evidence that bears on guilt or punishment pursuant to the Sixth Amendment right to process. *See United States v. Tomison*, 969 F. Supp. 587, 593 (E.D.Cal. 1997).

Rule 17(c) allows the trial judge to order pretrial production of such information in order to determine whether it should be turned over to the defendant. See *Nixon, supra.,* 418 U.S. at 698. The determination of whether a Rule 17(c) subpoena will issue is committed to the discretion of the trial court. *See Arditti, supra*, 955 F.2d at 345; *United States. v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981). Rule 17(c) provides in pertinent part:

> For Production of Documentary Evidence and of Objects. . . . The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

To obtain a subpoena under this Rule the moving party must show that (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of the hearing by exercise of due diligence; (3) the party cannot properly prepare without such production and inspection in advance and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general fishing expedition. *See Nixon*, 418 U.S. at 699-700.

1.      The Material Sought to Be Subpoenaed Herein Is Evidentiary and Relevant

In this Application and subpoena *duces tecum* the defendant seeks the flight manifest and seating chart for United Airlines Flight No 189 (for the date March 21, 2007), as well as contact information for the persons aboard the flight. This information is unmistakably relevant and necessary in order for the defendant to fully prepare his defense. The prosecution in this case is

Defendant Sexton's *Ex Parte* Application for Pretrial Issuance of Rule 17 Subpoena *Duces Tecum*, Cr-07-0742 (EDL).

4

built upon the internally contradictory and incomplete statements of a few witnesses to the events giving rise to this case. Because this was a relatively small craft, many more people would have witnessed and heard comments allegedly made (or yelled) by the defendant prior to being tackled by the group of male passengers then were interviewed by the authorities upon landing. Potential witnesses (particularly those seated in the defendant's row, and the rows in front of, behind and adjacent to it) would have directly witnessed, or even taken part in the circumstances leading up to and following this event. Many passengers certainly would have been in a position to see the group of approximately six men tackle the defendant on the floor of the craft, midway through the flight. Information from such witnesses is especially important in this case because, as described in defendant's motion for pretrial discovery, the interviews contained in discovery are contradictory in basic and crucial respects. Therefore, the passengers or crew members who have not yet been interviewed may be able to clear up mistakes and ambiguity in the accounts of those who have been interviewed.

2.  <u>This Material Is Not Otherwise Procurable Through the Exercise of Due Diligence</u>

The information sought to be obtained under the Rule 17 subpoena consists of the Flight Manifest for Flight 189 for the date of March 21, 2007, a seating chart for this flight, and the contact information for the persons aboard this flight. There is no possibility of the defendant procuring this information, unless either the government obtains it from the Airline and then turns it over to the defense, or through the foregoing subpoena. Therefore, the requirement that the items not be procurable before the hearing through the exercise of due diligence, is satisfied here.

3.  <u>The Defendant Cannot Prepare His Defense Without This Production</u>

The defendant is charged with assaulting two persons during the course of the flight between Philadelphia and San Francisco. Though there were undoubtedly many persons who

---

Defendant Sexton's *Ex Parte* Application for Pretrial Issuance of Rule 17 Subpoena *Duces Tecum*, Cr-07-0742 (EDL).

witnessed the events giving rise to these charges, the only individuals to be singled out and questioned by the authorities gave divergent accounts of what happened. The defendant cannot adequately prepare a defense, therefore, without being able to ascertain what other eyewitnesses observed. The defendant should not rightly be forced to proceed to trial based solely on the incomplete data collected by law enforcement, which was likely based on the Purser's view of who she would like interviewed, when other eyewitnesses are readily identifiable.

4. <u>This Application Is Made In Good Faith</u>

As the Court is aware, the defendant has attempted to obtain this crucial information from the government, first by way of an informal discovery request, and later in the form of a motion to this Court. In both instances, the government has averred that it cannot be compelled to provide information that it does not have in its possession. We make the instant request because the defense has an abiding need for the information in order to prepare a defense, and wants to make every effort to get the material in a timely manner. The defendant seeks by way of the instant application to obtain information which will allow him to investigate the eyewitnesses to the events surrounding the allegations against him. The request is straight forward and reasonable, and is made in a good faith effort to prepare to meet the charges at trial.

## CONCLUSION

Based on the forgoing, it is respectfully submitted that the Court should authorize this Rule 17 subpoena directing United Airlines to produce the information requested. Any contact information of potential witnesses can be adequately protected by an Order of this Court.

Dated: March 19, 2007                    Respectfully submitted,


  /s/  William L. Osterhoudt
WILLIAM L. OSTERHOUDT

---

Defendant Sexton's *Ex Parte* Application for Pretrial Issuance of Rule 17 Subpoena *Duces Tecum*, Cr-07-0742 (EDL).

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 135 Belvedere Street, San Francisco, California 94117.

On the date set forth below, I caused to be served the document entitled:

## EX PARTE APPLICATION FOR PRETRIAL ISSUANCE OF RULE 17 SUBPOENA DUCES TECUM

on the party in this action as follows:

Allison Marston Danner
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102
allison.danner@usdoj.gov

__X__ [BY ELECTRONIC SERVICE] Utilizing the ECF system of the United States District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March 19, 2008                    /s/ Christopher W. Choy
                                         Christopher W. Choy

Defendant Sexton's *Ex Parte* Application for Pretrial Issuance of Rule 17 Subpoena *Duces Tecum*, Cr-07-0742 (EDL).