JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CSBN 195046)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7144
   Fax: (415) 436-7234
   Email: allison.danner@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>DAMIEN SEXTON,<br><br>   Defendant. | No.: CR 07-0742 EDL<br><br>UNITED STATES' STATEMENT RE DEFENDANT'S APPLICATION FOR PRETRIAL RULE 17 SUBPOENA DUCES TECUM<br><br>Date: April 1, 2008<br>Time: 10:30 a.m.<br>The Honorable Elizabeth D. Laporte |

The United States hereby files a statement noting objections to the terms of the Rule 17(c) subpoena *duces tecum* sought by defendant in his *ex parte* application of March 19, 2008. In the subpoena application, defendant seeks the passenger manifest of United Air Lines' March 21, 2007 flight #189, the flight during which the crimes alleged in this case occurred. The government's principal objections to this application are that it is overbroad and that it insufficiently protects the personal contact information of the passengers on the flight.

As defendant acknowledges in his application, Rule 17(c) was not intended to provide a

means of discovery for criminal defendants. Instead, the rule acts to expedite trial by providing a time and place before trial for the inspection of subpoenaed materials. *United States v. Nixon*, 418 U.S. 683, 698–99 (1974). Before a subpoena can be issued pursuant to Rule 17(c), a party must demonstrate to the district court that the requested documents are relevant, specifically described, and admissible as evidence. *Id.* at 700.

It is not immediately clear to the government how the passenger manifest list itself would be relevant to any of the charges alleged in the information. Nevertheless, the government understands that defendant seeks the list in order to identify witnesses whose testimony about defendant's behavior on the relevant flight might differ materially from that of the witnesses whom the government has interviewed and, thus, assist in his defense to the charges. Understanding the request in that light, the government does not object to defendant's need for the information.

The request does, however, appear to be overbroad. The government alleges in this case that defendant made verbal threats on this flight that frightened other passengers. Witnesses interviewed by the government have stated that, during the flight, defendant uttered threats such as "I'm going to kill the pilot," "I will kill you all," and "I'm getting off this plane." The police report indicates that defendant was seated in row 18 of the airplane. Even if defendant were yelling these threats, it seems very unlikely that any passengers on the flight could hear them other than passengers sitting in the rows immediately surrounding defendant. In order to ensure that the subpoena is not overbroad, the government suggests that this Court modify the request to be limited to passengers in rows 15-21 of the aircraft, which would allow defense counsel access to the information of passengers seated three rows ahead of and behind defendant on the flight.

Further, as detailed in the stipulation the government drafted with regard to the proposed protective order, at least one passenger on that flight has expressed fear that the defendant may contact him or her directly. In light of the nature of the allegations in this case, it is reasonable to assume that other passengers may have similar concerns. The government, therefore, requests, that any passenger contact information received from the airline be subject to the terms of the

protective order that this Court has already issued with regard to the contact information for witnesses interviewed by the government.

Finally, the terms of Rule 17(c) allow information secured pursuant to this provision to be produced to the court in the first instance. *See* Fed. R. Crim. P. 17(c)(1) (stating "[t]he court may direct the witness to produce the designated items in court" and then allow for inspection by the parties). In light of the concerns expressed above, the government suggests that this Court follow this procedure for the requested information.

DATED: March 21, 2008

                                            Respectfully submitted,

                                            JOSEPH P. RUSSONIELLO
                                            United States Attorney

                                            /s/ Allison
                                            ALLISON MARSTON DANNER
                                            Assistant U.S. Attorney