WILLIAM L. OSTERHOUDT (SBN 043021)
DOLORES T. OSTERHOUDT (SBN 215537)
Law Offices of William Osterhoudt
135 Belvedere Street
San Francisco, California 94117
Telephone (415) 664-4600
Facsimile (415) 664-4691
Email: osterhoudt@aol.com

JANET METZGER (SBN 153226)
Law Office of Janet Metzger
403 Magee Avenue
Mill Valley, CA  94941
Telephone (415) 260-8467
Facsimile (415) 383-3516
janetmetzger@sbcglobal.net

Attorneys for Defendant,
Damien Sexton

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) **Case No. CR-07-0742 (EDL)** <br> ) <br> ) |
| Plaintiff, | ) **DEFENDANT'S REPLY TO** <br> ) **GOVERNMENT'S OPPOSITION** <br> ) **TO MOTION FOR DISCOVERY** |
| vs. | ) |
| DAMIEN SEXTON, | ) **Date:  April 1, 2008** <br> ) **Time:  10:30 a.m.** |
| Defendant. | ) **Dept.: Judge Elizabeth D. Laporte** |

## INTRODUCTION

On March 11, 2008 defendant Damien Sexton filed a motion for discovery with this Court. On March 18, 2008 the government filed its opposition to the defendant's motion.  By the foregoing, defendant replies to issues and arguments raised in the government's submission.

# DISCUSSION

1. <u>Discovery Provided By the Government To Date</u>

In its Opposition, the government confirmed that it has provided all documents received and all reports generated in the course of this investigation to the defendant. The government also assured the Court and the defendant that it has fulfilled its obligation to turn over all potentially exculpatory material in its possession as mandated by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny. Based on these representations, the defendant understands that there is currently no discoverable material in the possession of the government. Additionally, the government recognized the continuing nature of its obligation to provide discovery to the defense.

2. <u>The Defendant Withdraws the Portion of His Discovery Motion Seeking the Contact Information for the Named Witnesses</u>

Since the filing of defendant's motion the parties have agreed that witness contact information for individuals interviewed in connection with this investigation may be provided to the defense pursuant to a protective order. The protective order was signed by this Court on March 17, 2008, and the government thereafter provided the information covered by this agreement. Therefore, defendant Sexton respectfully withdraws that portion of his discovery motion seeking the contact information of the witnesses named in the investigative reports previously provided in discovery.

3. <u>Production of the Flight Manifest for United Airlines Flight 189</u>

Finally, the defendant seeks disclosure of the flight manifest or other flight document and a seating chart for United Airlines Flight 189, illuminating who was aboard this flight and which passengers were seated near the defendant. This material is of central importance to this case because many of persons, who can only be identified through the flight manifest and seating chart, witnessed and/or took part in the events leading up the instant prosecution. For example, the investigative reports indicate that approximately 5 persons tackled the defendant in the aisle of the aircraft – but not all of these persons were interviewed by the authorities. Additionally, several of the investigative reports state that persons seated in front or behind the defendant heard and reacted

to statements made by him – which may shed light on the alleged assault charged in Count Two, but these persons were not interviewed, either.  As argued by the defendant, the need for this information is underscored by the fact that the passengers and crew who have been interviewed by the government provided versions of these events which diverge sharply from one another.

The government responded, however, that neither the United States Attorney's Office nor the investigating agencies involved in the case have this information in their possession.  The government then argued that it cannot be required to obtain information not in its actual possession.  The defendant acknowledges that this is the general rule, as set forth in *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995), and cited by the government herein.  We submit, however, that a distinction must be drawn in a case such as this where the prosecuting agency is working hand in glove with the possessor of relevant information.  See *United States v. Diaz*, 2008 U.S. Dist. LEXIS 12171, *15 (N.D.Cal. 2008)("Where,. . ., the federal prosecutors have worked hand in glove with the police in bringing and investigating a case, it seems clear that the reasoning of *Kyles* requires federal prosecutors 'to learn of any favorable evidence known to *others acting in the government's behalf,*' including local police acting on its behalf in the investigation."); See also *United States v. Ubiparipovic,* 2006 U.S. Dist. LEXIS 23645 (D. Ar. 2006).

In *Ubiparipovic* the district court considered a defendant's request that the government be directed to obtain the names and addresses of employees of an organization called the International Organization of Migration ("IOM").  There, as here, the government asserted that such information was not in its possession, and it could not be compelled to obtain it.  The Court first found that though the IOM is not a governmental agency of the United States, it was contracted to perform tasks on behalf of the government related to asylum applications, and thus acted as an "agent" of the government in performing such tasks.  The Court next explained that whether information is in the possession, custody or control of the government for purposes of Rule 16(a)(1)(E) turns on "whether the United States Attorney had knowledge of and access to the documents."  See *Ubiparipovic,* at *4.  The Court continued:

> There is no dispute in this case that the United States Attorney has knowledge of the existence of the requested information – the names and addresses of IOM's Belgrade employees. The unresolved question is whether the United States Attorney has access to that information.

*Ibid.* In considering the question of governmental access, the Court acknowledged the government's claim that it had attempted to obtain the information from the organization but was unsuccessful. The Court then held that if at a later proceeding, the defendant is able to make the required materiality showing, the Court would issue an order directing the government to make a more robust attempt to obtain this information. Finally, the Court stated that it will sign a subpoena for the information submitted by the defense, explaining that "this second means of discovery is appropriate given the uncertainty as to how best to obtain the information at issue."

In the instant case the government can be said to be working hand in glove with United Airlines. This is because the investigation of this case was initiated by a call made by the United Airlines Captain Atala, and the ensuing investigation appears to have been based exclusively upon the identification of witnesses supplied by United Airlines crew members. Eight months later the government brought a federal criminal prosecution based on the accounts of the few select individuals aboard this flight which the United Airlines crew members saw fit to identify to investigators. The defendant cannot rightly be forced to proceed to trial based on the government's implicit assumption that the persons flagged by the authorities in this investigation provide all the relevant information that exists surrounding the alleged assaults by the defendant, despite the knowledge that there were other eyewitnesses and participants aboard that flight. The government has apparently made no attempt to obtain this information, simply contending that it should not have to. As in *Ubiparipovic* the government should not be shielded from this discovery

obligation by blandly claiming that information pertaining to such percipient witnesses is out of its hands.

Finally, the government suggests that the defendant has adequate recourse, without requiring the government to seek out this information, because we can get a Rule 17(c) subpoena *duces tecum*, which once authorized, would constitute a binding Court Order. As the Court is aware, we have filed an application for the issuance of such a subpoena. We note, however, that our initial concern that the airline would be less amenable to a request from the defendant than it would be to a request from the government appears entirely justified. The airline has, in fact, refused to give us the name or address of its custodian of records – but has stated that we can fax a request for this preliminary information to United Airlines' legal department for consideration. Nonetheless, should the Court issue such a subpoena, we will continue to make every effort to obtain the information sought herein from United Airlines.

## CONCLUSION

By the foregoing, Defendant Sexton respectfully asks the Court to order the government to produce a flight manifest and seating chart, containing names and locations of potential witnesses.

Respectfully submitted,

Dated: March 21, 2008

/s/ William L. Osterhoudt
WILLIAM L. OSTERHOUDT
Attorney for Defendant

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 135 Belvedere Street, San Francisco, California 94117.

On the date set forth below, I caused to be served the document entitled:

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION
FOR PRETRIAL DISCOVERY

on the party in this action as follows:

Allison Marston Danner
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102
allison.danner@usdoj.gov

___X___[BY ELECTRONIC SERVICE] Utilizing the ECF system of the United States District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March 21, 2008          /s/ Christopher W. Choy
                               Christopher W. Choy

---

*Defendant's Reply to Government's Opposition to Motion for Discovery, CR-07-0742(EDL).*